IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFSB KOLLECTIVE CO. LTD., et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>YOUSUF BOURNE, et al.,<br><br>         Defendants. | Case No.: 11-1046 PJH (JSC)<br><br>**ORDER TO SHOW CAUSE RE:<br>JURISDICTION AND SERVICE OF<br>PROCESS ON DEFENDANT YOUSUF<br>BOURNE (Dkt. No. 30)** |

Now pending before the Court is Plaintiffs' Motion for Default Judgment against Defendant Yousuf Bourne. (Dkt. No. 30.)  Prior to evaluating the merits of a motion for a default judgment, the Court has an affirmative duty to determine that it has subject matter jurisdiction over the action and personal jurisdiction over the Defendant.  In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).  In addition, the Court is required to "assess the adequacy of the service of process on the party against whom default is requested." Sanrio Co., Ltd. v. J.I.K. Accessories, 2012 WL 1366611, at *2 (N.D. Cal. Apr. 19, 2012)(quoting Bd. of Trustees of the N. Cal. Sheet Metal Workers v. Peters, No. 00–0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Dec. 29, 2000)).

**A.  Personal Jurisdiction**

In this case, Plaintiffs are South Korean corporations, and Bourne, the only named Defendant, purportedly resides in Australia.  Plaintiffs allege that this Court has personal

jurisdiction because "a) each of the Defendants or their respective agents are doing business in this District and b) . . . a substantial part of the wrongful acts committed by Defendants have occurred in . . . [the] Northern District of California." (Complaint ¶6.)

Personal jurisdiction is evaluated under California law where, as here, it is not authorized by federal statute. <u>Mavrix Photo, Inc. v. Brand Techs., Inc.</u>, 647 F.3d 1218, 1223 (9th Cir. 2011).  Because California's long-arm statute is coextensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 801 (9th Cir. 2004).  The Due Process Clause requires that nonresident defendants such as Yousuf Bourne have certain "minimum contacts with the forum state, such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

Personal jurisdiction can be general or specific.  The "exacting standard" required to establish general jurisdiction over a nonresident defendant is met only when the defendant engages in "continuous and systematic general business contacts . . . that approximate physical presence in the forum state." <u>Schwarzenegger</u>, 374 F.3d at 801(internal citations and quotations omitted). To analyze specific jurisdiction, the Ninth Circuit has articulated a three-part test to evaluate the sufficiency of a defendant's minimum contacts within the forum:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

<u>Schwarzenegger</u>, 374 F.3d at 802 (quoting <u>Lake v. Lake</u>, 817 F.2d 1416, 1421 (9th Cir.1987)).

For website activities, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414, 418 (9th Cir. 1997)(quoting <u>Zippo Mfg. Co. v. Zippo Dot Com, Inc.</u>, 952 F.Supp. 1119, 1124 (W.D.

United States District Court
Northern District of California

1   Pa. 1997)).  "Creating a [web]site, like placing a product into the stream of commerce, may

2   be felt nationwide—or even worldwide—but, without more, it is not an act purposefully

3   directed toward the forum state." Id.  For interactive websites, as alleged here, the "level of

4   interactivity and commercial nature of the exchange of information that occurs on the web-

5   site" determines whether "sufficient contacts exist to warrant the exercise of jurisdiction."  Id.

6   (quoting Zippo Mfg. Co., 952 F.Supp. at 1124)(internal quotation omitted).  Factors

7   considered in this analysis include, among others, "the number of 'hits' received by a web

8   page from residents in the forum state and . . . other evidence that Internet activity was

9   directed at, or bore fruit in, the forum state." Id. at 419; see also Brayton Purcell LLP v.

10  Recordon & Recordon, 606  F.3d 1124, 1128-31 (9th Cir. 2010) (discussing personal

11  jurisdiction for website activity).

12          With respect to personal jurisdiction over Yousuf Bourne specifically, the Complaint

13  alleges that Plaintiffs are "informed and believe that Bourne conducts business through

14  websites located at www.bww2.com and forums.bww2.com/index and does business in this

15  judicial district through accounts on these shared online platforms, among other places."

16  (Complaint ¶ 17.)  The basis for this belief is not stated in the Complaint, and though Exhibit

17  G to Plaintiffs' Motion for Default Judgment claims to establish Yousuf Bourne as the owner

18  of www.bww2.com, the attached subpoena response references an IP address and not the

19  website in question and does not link the date of Bourne's purported site ownership with the

20  timeframe of the alleged illegal activity. (Dkt. No. 30 at 179.)  Scant details are provided

21  about other factors that play into jurisdiction, such as which contested conduct occurred in

22  California, the manner in which the connection to California was determined, and the

23  particular ties that Yousuf Bourne—as opposed to the other unnamed Defendants— has to the

24  actions that allegedly occurred in California.

25      **B.  Service of Process on Yousuf Bourne**

26          Plaintiffs assert that Defendant was served a summons and complaint via substituted

27  service by having an Australian process server leave a copy of the summons and other

28  documents at Bourne's home address.  (Dkt. No. 18.)  This Court "does not have jurisdiction

over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."
Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988).  Federal Rule of Civil Procedure 4(f)(3) states that an individual in a foreign country may be served by 1) "any international agreed means of service," like "those authorized by the Hague Convention," 2) "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction," or 3) by another means ordered by the court and "not prohibited by international agreement."  Neither Plaintiffs' Motion for Entry of Default by the Court (Dkt. No. 21) nor the pending Motion for Default Judgment explain how the substituted service effected satisfies Rule 4(f)(3).

## CONCLUSION

Accordingly, the Court orders Plaintiffs to show cause as to 1) how this Court has personal jurisdiction over Yousuf Bourne, and 2) whether Yousuf Bourne has been properly served in accordance with Federal Rule of Civil Procedure 4(f)(3).   Plaintiffs' response shall be filed on or before May 21, 2012.  The hearing currently scheduled for May 10, 2012 is continued to June 7, 2012 at 9 a. m.


**IT IS SO ORDERED.**

Dated:  May 7, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

4