UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DFSB KOLLECTIVE CO. LTD., et al.,

    Plaintiffs,

    v.

YOUSUF BOURNE, et al.,

    Defendants.
_____/

No. C 11-1046 PJH

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING MOTION FOR DEFAULT JUDGMENT**

The court has reviewed Magistrate Judge Corley's Report and Recommendation ("report") re plaintiffs' motion for default judgment, as well as plaintiffs' objections to the report. In their objections, plaintiffs DFSB Kollective Co. Ltd., Nega Network, Jungle Entertainment, Woolim Entertainment, Aftermoon Music Entertainment, Inc., and Drug Records (collectively, "plaintiffs") argue that defendant Yousuf Bourne ("defendant") should be subject to personal jurisdiction in this court because his actions were "expressly aimed" at California. Judge Corley addressed this argument in the report, stating that "there is no indication that Defendant knew of a California user base or that he exploited that base," and ultimately concluding that plaintiffs had not met their burden of making a prima facie showing of personal jurisdiction. Dkt. 48 at 13, 17. Importantly, the report explained that "[t]he Court is not holding that a foreign plaintiff can never demonstrate that a California court has specific personal jurisdiction of a foreign defendant for making illegal downloads available on the Internet," but instead was merely holding that plaintiffs in this case had not adequately shown "that the Calder purposeful direction test is satisfied." Id. at 17 (referring to Calder v. Jones, 465 U.S. 783 (1984)).

    The Ninth Circuit addressed a similar personal jurisdiction issue in Mavrix v. Brand

1 Technologies, 647 F.3d 1218 (9th Cir. 2011). Mavrix involved allegations of copyright
2 infringement brought in a California court against an Ohio-based celebrity gossip website.
3 The Mavrix defendant argued that he had no contacts with California and thus was not
4 subject to personal jurisdiction in California. The court disagreed, finding that the "most
5 salient" fact was defendant's "exploitation of the California market for its own commercial
6 gain." Id. at 1229. The court noted that "a substantial number of hits to [defendant's]
7 website came from California residents," and further noted that the website displayed
8 advertisements that were specifically targeted to California residents, which "indicates that
9 [defendant] knows - either actually or constructively - about its California user base, and
10 that it exploits that base for commercial gain by selling space on its website for
11 advertisements." Id. at 1230. This was enough to show that the Mavrix defendant
12 "anticipated, desired, and achieved a substantial California viewer base," making
13 jurisdiction proper. Id.

14 If plaintiffs were able to show that defendant Bourne "either actually or
15 constructively" knew about his California user base, Mavrix would control and personal
16 jurisdiction would be proper in this case. But plaintiffs have not done so. Plaintiffs have not
17 shown that a substantial number of hits to defendant's websites came from California, nor
18 have they shown that defendant's websites displayed advertisements targeted to California
19 residents, nor have they provided any other evidence that defendant "anticipated, desired,
20 and achieved a substantial California viewer base." The best that plaintiffs have done is
21 claim that "California is one of the largest markets for Korean music" and that "defendant's
22 websites were frequently mentioned as a place to download music on the San Francisco-
23 based Asian-American community site crunchyroll.com." See Dkt. 47 at 5. This is not
24 enough to make a prima facie showing that defendant expressly aimed his conduct at
25 California.

26 The Ninth Circuit recently confirmed its interpretation of the "express aiming" prong
27 of the Calder test, holding that "the express aiming requirement is not satisfied where it is
28 merely foreseeable that there will be an impact on individuals in the forum." Fiore v.

2

Walden, 688 F.3d 558, 577 (9th Cir. 2011). Instead, plaintiffs must show that there was "individual targeting" of forum residents. Id.

Thus, the court OVERRULES plaintiffs' objections to Judge Corley's report and ADOPTS it in every respect. The court finds the report correct, well-reasoned, and thorough, and adopts it in every respect. Accordingly, plaintiffs' motion for default judgment is DENIED for lack of personal jurisdiction.

The court is inclined to dismiss this case without prejudice in light of the denial of this motion, however before doing so, the court will afford plaintiffs an opportunity to request another disposition. Accordingly, plaintiffs shall file a status statement indicating how they would like to proceed with this case no later than September 24, 2012.

**IT IS SO ORDERED**.

Dated: September 13, 2012

PHYLLIS J. HAMILTON
United States District Judge